IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**ARTEMIO ORTIZ-NEGRON**
    Petitioner,

v.

**UNITED STATES OF AMERICA,**
    Respondent.

CIVIL NO. 07-1384(PG)
RELATED CRIM. 05-136(PG)

## OPINION & ORDER

Before the Court is Petitioner's 28 U.S.C. Sec. 2255 Habeas Corpus Petition (D.E.1)[1]. Respondent filed a Response to the Petition (D.E.9). Petitioner file a Reply to the Response (D.E.14). For the reasons discussed below, the Court finds the Petition shall be DENIED.

### I. BACKGROUND

On May 3, 2005, Petitioner, Artemio Ortiz-Negron, (hereinafter "Petitioner" or "Ortiz-Negron") was indicted along with eight (8) other co defendants with conspiracy and possession with intent to distribute at least fifty (50) grams, but less than one hundred and fifty (150) grams of cocaine base, all in violation of Title 21, United States Code, Section 841(b)(1)(B) and 846. (Crim. D.E. 2)[2]. On May 19, 2005, after a bail hearing Petitioner was ordered detained without bail pending trial (Crim. D.E.

---

[1] D.E. is an abbreviation of docket entry number.

[2] Crim. D.E. is an abbreviation for criminal docket entry.

Civil No. 07-1384(PG)                                              Page 2

68). On January 2, 2006, Ortiz-Negron through his counsel file a Motion for Change of Plea (Crim. D.E. 132). On January 12, 2006, the Government and Petitioner filed a Plea Agreement stipulating the agreement reached between the parties prior to Ortiz-Negron pleading guilty (Crim.D.E. 138). On January 12, 2006, a Change of Plea Hearing was held and Petitioner plead guilty to the two counts he was charged with in the Indictment. On April 21, 2006, Petitioner was sentenced to a term of imprisonment of one hundred and twenty (120) months as to each count one (1) and three (3), to be served concurrently with each other and with any other sentence Petitioner may have been serving. In addition he was sentenced to a term of Supervised Release of five (5) years as to each count to be served concurrently with each other and a Special Monetary Assessment of one hundred dollars ($100.00) as to each count (Crim. D.E. 208).

Ortiz-Negron did not appeal his sentence. Petitioner timely filed his Petition to Vacate, Set Aside or Correct the Court's sentence pursuant to 28 U.S.C. Sec. 2255(D.E. 1). The Government responded on August 27, 2007,(D.E. 9). Petitioner filed a Reply to the Response on November 13, 2007, (D.E.14)and the matter was then ready for disposition.

## II. DISCUSSION

In his Petition under 28, U.S.C. Sec. 2255, Petitioner alleges that his counsel was ineffective because (1) his

counsel failed to investigate his prior conduct which resulted in Ortiz-Negron having a Criminal History Category of two (II); (2) Petitioner alleges his counsel was ineffective because he failed to request and review the consensually recorded telephone communications; and (3) Petitioner alleges his counsel was ineffective because at sentencing he failed to address Petitioner's minimal role in the offense.

Ortiz-Negron's arguments lack merit, are contravened by the record and as such are hereby denied.

### A. 28 U.S.C. Sec. 2255 standards and exhaustion requirements

Title 28 U.S.C. Sec. 2255 allows a federal prisoner to move the court to vacate, set aside, or correct his sentence if one of the following events happens:

1. the sentence was imposed in violation of the Constitution or laws of the United States...
2. the court was without jurisdiction to impose the sentence
3. The sentence was in excess of the maximum authorized by law or...
4. The sentence is otherwise subject to collateral attack.

When a prisoner files a motion for relief pursuant to section 2255, the court may dismiss the motion without an evidentiary hearing if "the motion and files and records of the case show conclusively that the movant is not entitled

to relief."

It is well settled law that a section 2255 motion is not a substitute for an appeal. Therefore, the defendant must first raise his claims on direct appeal before bringing the claim in a section 2255 motion. United States v. Essig, 10 F.3d 968 (3d Cir 1993). If a defendant fails to preserve his claim on direct appeal a court may not consider the claim in a subsequent section 2255 motion, unless the defendant can establish "cause and prejudice", United States v. Frady, 456 U.S. 152, 167 (1982); or a "fundamental miscarriage of justice". Murray v. Carrier, 477 U.S. 478, 496 (1986). The exception to this dogma of the exhaustion requirement is the allegation of ineffective assistance of counsel which may be brought for the first time in a section 2255 motion.

**B. Claim of Ineffective Assistance of Counsel**

To establish ineffective assistance of counsel, a defendant must show that:

1. His attorney's performance was deficient, and
2. The deficient performance prejudice his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984).

In order to establish deficiency, a defendant must establish that counsel's performance "fell below an objective standard of reasonableness under prevailing professional norms." Strickland 466 U.S. at 688. Under Strickland counsel is presumed to have acted within the

range of "reasonable professional assistance," and it is defendant who bears the burden of "overcoming the presumption that, under the circumstances, that challenged action 'might be considered sound trial strategy.'" Strickland, 466 U.S. at 689. To show prejudice, a defendant must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

A claim of ineffective assistance of counsel should therefore first address Ortiz-Negron's non compliance with the requisites in Strickland v. Washington, 466 U.S. 668 (1984). It is pellucidly clear that Petitioner was obligated to show both counsel's performance fell below an objective standard of reasonableness and that prejudice resulted from it. Strickland, 466 U.S. at 687. See also Lopez-Nieves v. United States, 917 F.2d 645, 648 (1st Cir. 1990). He must do this as to each particular instance in which he claims ineffective assistance of counsel. Counsel's performance must be examined "not in hindsight, but based on what the lawyer knew, or should have known, at the time his tactical choices were made and implemented." United States v. Natanel, 938 F.2d 302, 309 (1st Cir. 1992). The "range of reasonable professional assistance" is quite wide. See Strickland, 466 U.S. at 689. Therefore the

Supreme Court has stated that, "judicial scrutiny of counsel's performance must be highly deferential." See Strickland, 466 U.S. at 689.

Under Strickland Petitioner is required to identify acts or omissions by counsel which need to be outside the wide range of professional competent assistance and the harm such actions caused. Petitioner has identified three separate instances of what he deems to be ineffective assistance of counsel. However, mere blatant assertions of ineffective assistance of counsel that are contrary to the record are meritless and insufficient. In the case at hand Petitioner has failed to meet the Strickland standard.

**Counsel failed to investigate his prior conduct which resulted in Ortiz-Negron having a Criminal History Category of two (II).**

The argument that counsel's failure to investigate Ortiz-Negron's allegations as to his prior conduct resulted in a Criminal History Category of II has no support in the record. Specifically, count one of the Indictment charged an offense occurring from in or about November 2002, and continuing up to the date of the Indictment, May 3, 2005. Ortiz-Negron participated in the charged offense while he was serving a term of probation for a local sentence (PSI pp. 7-8). By Petitioner's own admissions the conspiracy to which he plead guilty to ran from November 2002 to May of 2005 (C.O.P. Tr., pp. 18-20 & 22). Therefore, there was no error in the computations presented in the PSI as to

Civil No. 07-1384(PG)                                              Page 7

Petitioner's criminal history category.

Furthermore, at sentencing Petitioner was repeatedly asked if he was aware of the contents of the PSI and he repeatedly stated that he was aware and that the report had no information that needed correction.

> The Court: Mr. Ortiz, are you aware of the contents of the pre sentence report?
>
> The Defendant: Yes.
>
> The Court: Is there any information in that report that needs to be corrected at this time?
>
> Mr. Romo: No, none Your Honor.
>
> The Court: Mr. Ortiz, any corrections or modifications that you wish me to make to the pre sentence report?
>
> The Defendant: No.   (S.H. TR. P. 2)

If Petitioner genuinely had a concern or objection as to his criminal history category and the consequences that would have on his sentence he failed to inform the court of such a concern.  Therefore, Ortiz-Negron waived his right to allege inaccuracies, and the same cannot be raised collaterally in a motion for ineffective assistance of counsel. Cabrera v. United States, 972 F.2d 23 (2nd Cir. 1992).

The Court further notes that a review of Petitioner's Plea Agreement reveals that Petitioner agreed to a sentencing guideline calculation which established a criminal history category of three (III).  This Plea

Agreement was agreed upon, verified and signed by the Petitioner. He therefore received a benefit of a lower criminal history calculation than that which he originally agreed to in his Plea Agreement. Petitioner's PSI report worked towards his advantage by providing a lower sentencing range. Ortiz-Negron can not erase his past and try to allege that he has no prior criminal conduct which would affect his sentence. The record is clear on the matter. Ortiz-Negron must live with the consequences of his actions.

Petitioner has no valid claim of ineffective assistance of counsel as to his criminal history calculation; his first allegation of ineffectiveness is contrary to the record and to Ortiz-Negron's criminal past and is therefore denied.

**Counsel was ineffective because he failed to request and review the consensually recorded telephone communications.**

Petitioner's second allegation of ineffective assistance of counsel relates to the consensual recordings that were part of the evidence which the government had against him. Here to the record contradicts Ortiz-Negron's allegation.

The evidence of the consensually recorded conversations was received and reviewed by Petitioner and his counsel.

> The Court: Counsel, did you receive discovery from the government?

> Mr. Romo Matienzo: Yes, Your Honor. And we discussed it with our client and heard the tapes and recordings with him.
>
> The Court: Mr. Ortiz, do you agree with the evidence in possession of the government as to what you did.
>
> The Defendant: Yes. (C.O.P.Tr., p. 22)

Clearly the Defendant was not only aware of the tape conversations which he was a part of but he listened to them with his attorney prior to entering a guilty plea[3]. Once again Petitioner's allegation of ineffective assistance of counsel is completely meritless and contravened by the record. Therefore, Ortiz-Negron's second allegation of ineffective assistance of counsel is denied.

**Counsel was ineffective because at sentencing he failed to address Petitioner's minimal role in the offense.**

Petitioner's final allegation of ineffective assistance of counsel is a claim that at sentencing his attorney

---

[3]Petitioner has a one line allegation that these recording were made under duress and that he only sold drugs once. Again his own admission contradict him. Petitioner attached as an exhibit the transcript of the recorded conversation. A review of said transcript clearly indicates Petitioner's voluntariness to preform the sale of narcotics and his agreement to sell an additional two hundred and fifty (250) grams of crack cocaine to the confidential information at a future date(see exhibit 3 of D.E. 14). The duress defense to criminal liability is strict and is unavailable unless there is no reasonable legal alternative to violating the law that would also avoid the threatened harm, United States v. Bailey 444 U.S. 394 (1980). Clearly that is not the case of Ortiz-Negron.

Civil No. 07-1384(PG)                                                    Page 10

failed to address Petitioner's role in the offense and argue that he was a minimal participant and should receive a lower sentence.

Ortiz-Negron claims that he was a minimal participant in the conspiracy, because he was merely a runner for the organization, and only acted in this function for three months, starting in May of 2004. This allegation is contravened by the record. During the Change of Plea Hearing Ortiz-Negron acknowledged his role in the offense.

> The Court: ...You are identified as a manager or runner of the drug point together with other co-conspirators... And I ask you is that what you did?
>
> The Defendant: Yes. (C.O.P. Tr., p.19).

Furthermore, a review of the Plea Agreement signed by the Petitioner has in its version of facts a description of Petitioner's involvement in the conspiracy. It states the following:

> The defendant's role in said conspiracy was that of seller/runner. As a runner for the organization, he would on a regular basis gather the profits from the sellers at the drug points and take the money to the leader charged in the Indictment of this case. As a seller for the drug trafficking organization, the defendant sold cocaine, cocaine base, heroin and marijuana. Specifically, in furtherance of the conspiracy, on

or about July 28, 2003, defendant possessed with intent to distribute an amount of heroin. Additionally October 16, 2004, defendant possessed with intent to distribute and distributes approximately one hundred fourteen (114) grams of cocaine base to a confidential source working on behalf of the Drug Enforcement Administration[4]. D.E. 138, p. 11).

Clearly, from the facts accepted by the Petitioner, he was much more than a minor participant. Ortiz-Negron can not allege ineffective assistance of counsel for counsel's failure to argue what amounts to a meritless claim. An attorney is not obliged to raise meritless claims and failure to do does not render his or her legal assistance ineffective. See, Alicea-Torres v. United States, 455 F.Supp.2d 32 (D.Puerto Rico 2006); Acha v. United States, 910 F.2d 28 (1st Cir. 1990); Brown v. United States, 42 F. Supp. 2d 122 (D. Puerto Rico 1998).

As such Petitioner's final allegation of ineffective assistance of counsel is denied.

The Court notes that all three claims of ineffective

---

[4]The time frame accepted and adopted by Petitioner in the Government's version of facts, attached to the Plea Agreement, places Ortiz-Negron as a participant of the conspiracy for a greater period of time than the three months he now claims he is solely responsible for. Furthermore, the first transaction of 2003 is prior to the date Petitioner says he joined the conspiracy, may 2004. Once again the evidence on the record contravenes Petitioner's allegations.

assistance of counsel raised by Ortiz-Negron have failed to show how any of the issues raised would have been decided in his favor or that the outcome of the case would have been different but for his counsel's failure to raise these issues. Similarly, Petitioner fails to show any prejudice resulting from the alleged un preserved errors. Petitioner has failed to show actual innocence in that he has not rebutted any of the evidence against him presented during the Change of Plea Hearing or the Sentencing Hearing. Ortiz-Negron has done nothing more than raise meritless allegations against a counsel that represented him through out the process of his case in an effective manner. It seems this was a last ditch effort by Petitioner to avoid serving his full sentence. Ortiz-Negron has no other recourse than to serve his time.

### III. CONCLUSION

For the reasons stated, the Court concludes that Petitioner **ARTEMIO ORTIZ-NEGRON**, is not entitled to federal habeas relief on the claim presented. Accordingly, it is ordered that petitioner **ARTEMIO ORTIZ-NEGRON's** request for habeas relief under 28 U.S.C. Sec. 2255 as well as his request for evidentiary hearing(D.E.#1) is **DENIED**, and his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. Sec. 2255 is **DISMISSED WITH PREJUDICE.**

### IV. CERTIFICATE OF APPEALABILTY

For the reasons previously stated the Court hereby denies Petitioner's request for relief pursuant to 28 U.S.

Civil No. 07-1384(PG)                                                    Page 13

C. Section 2255. It is further ordered that no certificate of appealability should be issued in the event that Petitioner files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. 2253(c)(2).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 29 of September 2010.

*[signature]*
JUAN M. PEREZ-GIMENEZ
UNITED STATES DISTRICT JUDGE